UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KARLA F. THURS, | CIVIL ACTION |
| Plaintiff, | COMPLAINT 5:19-cv-00450 |
| v. | |
| NAVIENT SOLUTIONS, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

**DEFENDANT NAVIENT SOLUTIONS, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Navient Solutions, LLC ("NSL") files this Answer and Affirmative Defenses to Plaintiff Karla F. Thurs's ("Plaintiff") Complaint as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392.

**ANSWER:** The allegations in paragraph 1 characterize the Complaint, which is a writing and speaks for itself. To the extent a response is required, NSL admits that Plaintiff alleges claims under the TCPA and TDCA, but denies Plaintiff is entitled to relief under either statute.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**ANSWER:** The allegations of paragraph 2 of the Complaint state a legal conclusion to which no response is required and, therefore, are denied. To the extent further response is required, NSL admits Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, but denies that any claim is properly asserted or that Plaintiff has suffered any injury or has standing to assert any claims. Except as specifically admitted, NSL denies the allegations of paragraph 2.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains significant business contacts in the Western District of Texas, Plaintiff resides in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

**ANSWER:** The allegations of paragraph 3 of the Complaint state legal conclusions which require no response and, therefore, NSL denies them. To the extent a further response is required, NSL does not challenge venue in this District for the purposes of this case only.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "person" as defined by 47 U.S.C. §153(39).

**ANSWER:** Admitted.

5. Defendant operations include servicing and collecting on student loans. Defendant's principle office is located at 123 South Justison Street Wilmington, Delaware 19801.

**ANSWER:** NSL admits that it is a student loan servicer. The remaining allegations of paragraph 5 of the Complaint state legal conclusions that do not require a response from NSL and, therefore, NSL denies them. To the extent a further response is required, NSL denies the remaining allegations of paragraph 5 of the Complaint.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**ANSWER:** The allegations of paragraph 6 of the Complaint state a legal conclusion to which no response is required and, therefore, NSL denies them.

### FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the conduct giving rise to this claim, Plaintiff obtained a student loan ("subject debt") through Defendant. Plaintiff was unable to make timely payments on the subject debt, resulting in default. While the subject debt was in default, Defendant attempted to collect on the subject debt.

**ANSWER:** NSL admits only that it services student loans belonging to Plaintiff, including without limitation two private student loans, in response to the first sentence of paragraph 7 of the Complaint. NSL admits only that each of Plaintiff's student loans serviced by NSL are past-due as alleged in the second sentences of paragraph 7 of the Complaint. The allegations of the third sentence of paragraph 7 state a legal conclusion to which no response is required and, therefore, NSL denies them. Except as specifically admitted, NSL denies the allegations of paragraph 7 of the Complaint.

8.     In 2018, Plaintiff began receiving calls to her cellular telephone from Defendant in an attempt to collect on the subject debt.

**ANSWER:** The allegations of paragraph 8 of the Complaint state a legal conclusion to which no response is required and, therefore, NSL denies them.

9.     Plaintiff began receiving these calls to her cellular telephone number, (703) XXX-3268.

**ANSWER:** NSL admits only that it placed manual phone calls to a telephone number ending -3268 in 2018 to assist Plaintiff with her delinquent student loans. NSL is without knowledge or information sufficient to form a belief as to the truth of the allegation that this number was associated with Plaintiff's cellular telephone and, therefore, denies it. Except as specifically admitted, NSL denies the allegations of paragraph 9 of the Complaint.

10.    At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 3268.  Plaintiff is and has always been financially responsible for this cellular telephone and its services.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies them.

11.    Immediately after the calls began, Plaintiff answered a call to her cellular telephone from Defendant.  During the call, Plaintiff expressed her frustration from Defendant's calls to her cellular phone and demanded that Defendant cease calling her cellular phone.

**ANSWER:** Denied.

12. Failing to acquiesce to Plaintiff's demands that it stop calling, Defendant continued to call Plaintiff on her cellular telephone.

**ANSWER:** NSL admits only that it placed manual calls to a telephone number ending in -3268 during 2018 and 2019 in order to assist Plaintiff with her delinquent student loans. Except as specifically admitted, NSL denies the allegations of paragraph 12 of the Complaint.

13. Furthermore, Defendant began to call Plaintiff's place of employment and her family members.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies them.

14. Notwithstanding Plaintiff's requests that Defendant cease placing calls to her cellular telephone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone between 2018 and the present day.

**ANSWER:** Denied.

15. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

**ANSWER:** Denied.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

**ANSWER:** Denied.

17. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies them.

18. Plaintiff's demands that Defendant's phone calls cease went unheeded and Defendant continued its phone harassment campaign.

**ANSWER:** Denied.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

**ANSWER:** Denied.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

**ANSWER:** Denied.

21. Defendant used several phone numbers to contact Plaintiff, including, 703-763-0111, 866-539-4619, 317-550-5612, 513-914-4623, 716-707-3389, 607-271-6456, 856-316-7059, 617-762-5968, 202-899-1329, 765-637-0921, 765-637-0794, 317-550-5598, 302-261-5561, 703-439-1082, 703-935-1163, 512-879-9611, 386-269-0649, 386-269-0513, 615-432-4241, 716-707-3401, 607-271-6216, 856-316-7057, 855-258-0554, and 559-678-3804, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

**ANSWER:** NSL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies them.

## DAMAGES

22. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

**ANSWER:** Denied.

23. Plaintiff has expended time consulting with her attorneys as a result of Defendant's harassing conduct.

**ANSWER:** Denied.

24. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

**ANSWER:** Denied.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

**ANSWER:** Denied.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

**ANSWER:** NSL re-asserts and re-alleges its answers to paragraphs 1-25 of the Complaint.

27. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

**ANSWER:** Denied.

28. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

**ANSWER:** The allegations of paragraph 28 of the Complaint state legal conclusions which require no response and, therefore, NSL denies them.

29. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

**ANSWER:** Denied.

30. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

**ANSWER:** Denied.

31. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between 2018 and the present day, using an ATDS without her prior consent.

**ANSWER:** Denied.

32. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

**ANSWER:** Denied.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

**ANSWER:** Denied.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

**ANSWER:** Denied.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

**ANSWER:** Denied.

36. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

**ANSWER:** Denied.

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**ANSWER:** Denied.

**WHEREFORE**, Plaintiff KARLA F. THURS respectfully prays this Honorable Court for the following relief:

    a.     Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

    b.     Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

    c.     Awarding Plaintiff costs and reasonable attorney fees;

    d.     Enjoining Defendant from further contacting Plaintiff; and

    e.     Awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:** NSL denies Plaintiff is entitled to the relief sought in this prayer, including each subparagraph.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38.    Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

**ANSWER:** NSL re-asserts and re-alleges its answers to paragraphs 1-37 of the Complaint.

39.    Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

**ANSWER:** The allegations of paragraph 39 of the Complaint state a legal conclusion which requires no response from NSL, and therefore, NSL denies them.

40.    The alleged subject debt is a "debt" [sic] "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**ANSWER:** The allegations of paragraph 40 of the Complaint state a legal conclusion which requires no response from NSL, and therefore, NSL denies them.

41. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

**ANSWER:** The allegations of paragraph 41 of the Complaint state legal conclusions which require no response from NSL, and therefore, NSL denies them.

### a. Violations of TDCA § 391.302

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

**ANSWER:** The allegations of paragraph 42 of the Complaint state a legal conclusion which requires no response from NSL, and therefore, NSL denies them.

43. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

**ANSWER:** Denied.

44. Furthermore, Defendant relentlessly contacted Plaintiff numerous times. Placing such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

**ANSWER:** Denied.

45. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**ANSWER:** Denied.

**WHEREFORE**, Plaintiff KARLA F. THURS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**ANSWER:** NSL denies Plaintiff is entitled to the relief sought in this prayer, including each subparagraph.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, due to lack of standing because Plaintiff suffered no concrete and particularized harm as a result of any alleged act or inaction of NSL. Further, even if Plaintiff suffered a concrete and particularized harm, that harm is not fairly traceable to NSL's alleged use of any alleged "automatic telephone dialing system."

2. Plaintiff is barred, in whole or in part, from maintaining her alleged cause of action because she provided "prior express consent" within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(A), for any calls placed to her alleged cell phone number by any alleged automatic telephone dialing system or using artificial voices or prerecorded messages.

3. Any attempted unilateral revocation of consent by Plaintiff was ineffective because she contractually consented to receive calls to her cell phone number from an automatic telephone dialing system and/or using artificial voices or prerecorded messages in exchange for the extension of credit to her under one or more of the student loan contracts at issue.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of knowledge, waiver, ratification, laches, estoppel, and/or unclean hands.

5. Plaintiff's claims for damages are barred to the extent that recovery from NSL would result in Plaintiff's unjust enrichment.

6. If Plaintiff recovers damages against NSL, any such damages should be offset against the past-due amounts she owes under the terms of the student loans at issue serviced by NSL.

7. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's damages were the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of NSL.

8. Plaintiff's recovery of damages is barred, in whole or in part, because Plaintiff failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

9. Plaintiff's claim is barred, in whole or in part, because Plaintiff has not sustained any damages proximately caused by NSL.

10. Plaintiff is barred from recovering statutory damages for a willful and knowing violation of the TCPA because any such violation, which NSL denies, was not willful or knowing as a matter of fact and law. At all times, NSL acted in good faith and without malice or intent to injure Plaintiff or to violate federal or state law.

11. Plaintiff's TCPA claim is barred by the Bipartisan Budget Act of 2015, to the extent the calls at issue were made by NSL to collect a debt owed to or guaranteed by the United States.

12. Plaintiff's TDCA claim is preempted by the Higher Education Act, 20 U.S.C. § 1071 *et seq*. and applicable U.S. Department of Education regulations to the extent any alleged calls made by NSL relate to the servicing and collection of federal loans.

13. The imposition of liability and/or statutory damages under the TCPA would violate provisions of the United States Constitution and Texas Constitution, including but not limited to their due process clauses. When directed at telephone calls, statutory damages under the TCPA could rise quickly to thousands, tens of thousands, or hundreds of thousands of dollars of damages for alleged actions that caused no actual harm. Such damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and similar protections of the Texas Constitution.

14. NSL denies that Plaintiff is entitled to damages of the nature, type, and amount sought in the Complaint, or any relief whatsoever against NSL.

WHEREFORE, Defendant Navient Solutions, LLC prays that the Complaint, and any amendment thereto, be dismissed with prejudice, that Plaintiff take nothing on her claims, that judgment be entered in favor of NSL, that NSL be awarded attorney's fees and costs, and for further relief the Court deems proper.

Dated: June 24, 2019                                    Respectfully submitted,

                                                        */s/ Adam. C. Ragan*
                                                        Adam C. Ragan
                                                        SBN: 24079172

                                                        **HUNTON ANDREWS KURTH LLP**
                                                        1445 Ross Avenue, Suite 3700
                                                        Dallas, TX  75202
                                                        Telephone: (214) 468-3577
                                                        Facsimile: (214) 979-3959
                                                        Email: aragan@HuntonAK.com

                                                        **ATTORNEY FOR NAVIENT SOLUTIONS, LLC**

## CERTIFICATE OF SERVICE

I certify that on June 24, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court via the Case Management/Electronic Case Filing ("CM/ECF") system, which will send notification of such filing to all counsel of record.

                                                        */s/ Adam. C. Ragan*
                                                        Adam C. Ragan